# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

MAXIMO HERNANDEZ, JR.

       Plaintiff,

v.                                                                Civ. No. 02-186 JP/WWD

UNITED STATES DEPARTMENT
OF THE AIR FORCE,

       Defendant.

## MEMORANDUM OPINION AND ORDER

On July 3, 2002, Plaintiff filed a Motion for Summary Judgement (Doc. No. 15). On July 16, 2002, Defendant filed a Motion to Dismiss with Prejudice, or, Alternately, for Summary Judgment (Doc. No. 18). The competing motions address the validity of Plaintiff's *pro se* Complaint for Declaratory and Injunctive Relief Under the Freedom of Information Act (Doc. No. 1).[1] Plaintiff's Complaint contends that Defendant must provide Plaintiff with documents concerning a single employee of Defendant. Jurisdiction to review Defendant's decision not to release the documents is vested in this Court under 5 U.S.C. § 552(a)(4)(B).

*Factual Background*

In 2001 Plaintiff made a request under the Freedom of Information Act (FOIA) that Defendant disclose information in Defendant's possession at Kirtland Air Force Base in Albuquerque, New Mexico. Plaintiff's initial request, made February 3, 2001, sought 11 formal discrimination complaints filed by a single employee, Geraldine Lujan. Ms. Lujan had complained

---

[1] Although Plaintiff filed a *pro se* complaint and a *pro se* Motion for Summary Judgment Plaintiff's other pleadings have been prepared by counsel.

that while employed at Kirtland Air Force Base Defendant's employees violated federal anti-discrimination laws. Defendant denied Plaintiff's request. Defendant concluded that FOIA did not require production of Plaintiff's request since Ms. Lujan's privacy interests in the materials outweighed any public interest in the records. 5 U.S.C. § 552(b)(6) & (7)(C). On August 27, 2001, Plaintiff asked Defendant for copies of (1) a notice that Defendant sent to Geraldine Lujan concerning Defendant's proposed termination of Ms. Lujan's employment, (2) Ms. Lujan's response to Defendant's proposed termination, and (3) Defendant's final decision in the matter. Defendant again denied Plaintiff's request reasoning that Ms. Lujan's privacy interests in the documents outweighed any public interest their disclosure under 5 U.S.C. § 552(b)(6) & (7)(C). On February 15, 2002, Plaintiff filed a Complaint for Declaratory and Injunctive Relief Under the Freedom of Information Act claiming that Defendant's refusal to release the requested documents violated FOIA's broad disclosure requirements.

*Legal Standard*[2]

Summary judgment is appropriate if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). When applying this standard, the Court examines the factual record and reasonable inferences therefrom in the light most favorable to the party opposing summary judgment. *Applied Genetics Intl, Inc. v. First Affiliated Sec., Inc.*, 912 F.2d 1238, 1241 (10th Cir. 1990). The moving party bears the initial burden of showing the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). Only then does the burden shift to the non-movant to come forward with

---

[2] Defendant's Motion to Dismiss with Prejudice, or, alternately, for Summary Judgment (Doc. No. 18) will be treated as a motion for summary judgment.

evidence showing that there is a genuine issue of material fact. *Bacchus Indus., Inc. v. Arvin Indus., Inc.*, 939 F.2d 887, 891 (10th Cir. 1991). The non-moving party may not avoid summary judgment by resting upon the mere allegations or denials of his or her pleadings. *Id.* To withstand a motion for summary judgment, the non-movant must make "specific reference" to evidence in the record. *Gross v. Burggraf Const. Co.*, 53 F.3d 1531, 1546 (10th Cir. 1995); D.N.M. LR-Civ. 56.1(b) (placing a similar burden on both parties). Unsubstantiated allegations, no matter how true they might be, cannot be considered. *Gross*, 53 F.3d at 1546.

*Analysis*

FOIA's purpose is "to create a broad right of access to 'official information.'" *Department of Justice v. Reporters Committee for Freedom of the Press*, 489 U.S. 749, 773 (1989). When a federal agency refuses to disclose information within its control that agency bears the burden of demonstrating that the documents are exempted from FOIA's disclosure requirements. 5 U.S.C. §§ 552(a)(4)(B) (outlining the agency's burden) & (b) (listing nine categories of materials that are excluded from FOIA's disclosure requirements). Defendant denied both of Plaintiff's requests for information on the grounds that FOIA's Exemption 6, which excludes from disclosure any "personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy," and Exemption 7(C), which excludes from disclosure any law enforcement records the production of which "could reasonably be expected to constitute an unwarranted invasion of personal privacy," applied to the documents. 5 U.S.C. § 552(b)(6) & (7)(C).

Plaintiff's Motion for Summary Judgment acknowledges that FOIA Exemptions 6 and 7(C) require balancing the privacy interests of those individuals whose names are mentioned in the

documents against "the public interest in disclosure." *Reporters Committee,* 487 U.S. at 776. Plaintiff argues that here the balance tips in favor of disclosure since neither Ms. Lujan nor anyone else has a privacy interest in the requested material. According to Plaintiff, without a privacy interest to protect Defendant must produce the documents since there exists a public interest in shedding "light on the operations and management of Defendant's discrimination program at Kirtland Air Force Base." Doc. No. 16 at 8, 14.

      Exemption 6

Plaintiff argues that Ms. Lujan's 1998 discrimination lawsuit against Defendant vitiated any privacy interest Ms. Lujan may have had in the materials Plaintiff requested since these documents were the focal point of that lawsuit. However, under the standard of *Reporters Committee* Plaintiff has retained a privacy interest in these records that Defendant is obligated to safeguard. 487 U.S. at 762-63 (holding that a previous public disclosure of personal information does not undermine privacy interest in that information). *Reporters Committee* "recognized the privacy interest in keeping personal facts away from the public eye," even when that information "had once been public." 489 U.S. at 769. Under the "practical obscurity" standard of *Reporters Committee*, the fact that Ms. Lujan may have made these documents the centerpiece of a federal lawsuit does not undermine her expectations of privacy in these records.

Most of the information that Plaintiff has requested would reveal Ms. Lujan's perspective of her employment experience with Defendant. Defendant's notice of removal and final decision regarding her employment certainly would convey Defendant's view of Ms. Lujan's performance as an employee. To say that Ms. Lujan does not have a privacy interest in documents which reflect her and her employer's viewpoints regarding Ms. Lujan's employment status is without

foundation. *Ford v. West*, No. 97-1342, WL 317561, 149 F.3d 1190 (10th Cir. 1998) (observing that the thoughts, sentiments and emotions of individuals were properly withheld) (unpublished opinion); *cf. Federal Labor Relations Authority v. Department of Defense*, et al., 984 F.2d 370, 374-75 (10th Cir. 1993) (holding that under FOIA an individual has "more than a de minimus privacy interest" in his or her home address); *National Ass'n of Retired Federal Employees v. Horner,* 879 F.2d 873, 874, (D.C. Cir. 1989) (holding that a person's address is covered by Exemption 6 since it "is designed to protect personal information in public records, even if it is not embarrassing or of an intimate nature"). The subject matter of these records is precisely the kind of personal information that Exemption 6 is designed to protect.

Further, the nature of Plaintiff's FOIA request—access to Ms. Lujan's records—makes it impossible for Defendant to release the requested documents while respecting Ms. Lujan's privacy interests. *Hunt v. F.B.I.*, 972 F.2d 286, 288 (9th Cir. 1992). As observed in *Hunt*, redaction of documents becomes a "pointless exercise" in cases like this because a FOIA request based on an individual's name automatically ties that person to the disclosed materials. *Id.* While it is true that personnel, medical and similar files under Exemption 6 are not categorically excluded from FOIA's disclosure requirements, "if the deletion of personal references and other identifying information is not sufficient to safeguard privacy, the [records] should not be disclosed." *Department of the Air Force v. Rose*, 425 U.S. 352, 381 (1976).

Plaintiff argues that his request serves the public interest because it will show that Defendant's discrimination program is ineffective and tolerates retaliation. Doc. No. 16 at 9-14. More specifically, Plaintiff claims that the documents would show "how Kirtland Air Force Base

attorneys violate the law by colluding with supervisors and commanders of employees who file EEO charges."  Doc. No. 16 at 24.

Notwithstanding Plaintiff's public interest in the requested materials, the value of these records is diminished by the fact that the files of a single employee probably will "not shine any light on whether all such [] investigations are comprehensive or whether [] misconduct by [Defendant's employees] is common."  *Hunt*, 972 F2d at 289.  The allegations of one employee will do little to shed light on Defendant's overall conduct.  *Id*.  With little to be gained for the public in terms of understanding of Defendant's conduct and no practical way to protect Ms. Lujan's privacy interest through redaction, any disclosure of the requested materials would present a "clearly unwarranted invasion of personal privacy."  Defendant was correct in concluding that whatever public interest lies in the requested materials it is insufficient to outweigh Ms. Lujan's privacy interests.

Exemption 7(C)

Plaintiff contends that since "no criminal law enforcement agency was involved" Exemption 7(C) does not apply to the requested documents.  Doc. No. 16 at 17.  Plaintiff is wrong.  A document is complied for law enforcement purposes when it is used to determine if illegal harassment occurred.  *Ford*, WL 317561 at * 2; *Stern v. Federal Bureau of Investigation*, 737 F.2d 84, 89 (D.C. Cir. 1984) (noting that "the type of law enforcement to which Exemption 7 is addressed includes the enforcement of both civil and criminal federal laws").  Since the

purpose of Ms. Lujan's formal complaints of discrimination was to initiate civil law enforcement proceedings these records fall under Exemption 7(C).[3]

Exemption 7(C) "places a greater emphasis on protecting personal privacy than does Exemption 6," *Stern*, 737 F.2d at 91, requiring Defendant to show only that "the production of such materials . . . could reasonably be expected to constitute an unwarranted invasion of personal privacy." *Reporters Committee*, 489 U.S. at 756 (internal punctuation omitted). And the privacy interests protected by Exemption 7(C) cover not only the person filing a complaint, but "suspects, witnesses, and investigators" as well. *Safecard Services, Inc. v. Security and Exchange Commission*, 926 F.2d 1197, 1205 (D.C. Cir. 1991); *KTVY-TV v. U.S.*, 919 F.2d 1465, 1469 (10th Cir. 1990). Since Exemption 7(C) covers a broader spectrum of privacy concerns, encompassing the privacy interests addressed by Exemption 6, the rationale supporting Defendant's denial of Plaintiff's request under Exemption 6 applies equally to Exemption 7(C). Yet there is an additional reason to uphold Defendant's decision under Exemption 7(C).

Plaintiff has argued that there is a public interest in the materials since they will expose the illegal conduct of Defendant's attorneys, supervisors and commanders. However, "when governmental misconduct is alleged as the justification for disclosure, the public interest is insubstantial unless the requester puts forward compelling evidence that the agency denying the

---

[3] Although the parties have treated all the documents in Plaintiff's request as if they were categorically similar, it is not clear, and Defendant does not specifically contend, that Defendant's notice of termination, Plaintiff's response to that notice, or Defendant's final decision are law enforcement records which fall under Exemption 7(C). *Stern*, 737 F.2d at 90 (observing that documents relating to an employer's decision to discipline employees does not fall within the 'law enforcement purposes' of Exemption 7(C)). Because these documents address Defendant's disciplinary actions directed at Ms. Lujan, Defendant has not met its statutory burden of showing that Exemption 7(C) applies to these three documents. 5 U.S.C. § (a)(4)(B). Nevertheless Exemption 6 applies to these documents.

FOIA request is engaged in illegal activity and shows that the information is necessary in order to confirm or refute that evidence." *Computer Professionals for Social Responsibility v. U.S. Secret Service*, 72 F.3d 897, 905 (D.C. Cir. 1996).

Although Plaintiff's brief made no effort to address this standard, Plaintiff has supported his Motion for Summary Judgment with an affidavit from Adrian Baca, who is a former employee of the Defendant. Adrian Baca worked with the Department of the Air Force from 1986 to 1992 and claims to have participated in meetings with members of the "Tiger Team," whose mission was to "coax or coerce employees who engaged in protected activity to drop their claims by taking unjustified and unreasonable disciplinary action against them."[4] Doc. No. 16, Ex 5. But even if this affidavit is considered to be compelling evidence of misconduct, Plaintiff has not attempted to explain how Ms. Lujan's formal EEO complaints will confirm Adrian Baca's allegations. From the text of Ms. Lujan's verified motion for a temporary restraining order[5] it is clear that Ms. Lujan does not have personal knowledge of collusion among Defendant's

---

[4] Plaintiff also attached a copy of a Equal Employment Opportunity Commission (EEOC) report concerning the discrimination complaints processing system at Kirtland Air Force Base to his Memorandum in Support of Motion for Summary Judgment. Doc. No. 16, Ex. 5A. That report revealed that the employees at Kirtland Air Force Base systematically share information concerning formal complaints of discrimination with Department of Air Force attorneys and civilian personnel officers. The report recommended ending that practice and limiting discussion of any complaint to a need to know basis. Although the report may supply some peripheral support for Plaintiff's allegations, the EEOC report is not in a form that Rule 56 permits the Court to consider. Fed. R. Civ. P. 56(c). Indeed much, if not most, of Plaintiff's evidence is either not worthy of consideration under Fed. R. Civ. P. 56 or irrelevant. Plaintiff's reliance on the allegations asserted by Ms. Lujan in her former lawsuits alleging discrimination is no substitute for evidence on which to base a summary judgment motion. *Gross*, 53 F.3d at 1546 ("Unsubstantiated allegations, no matter how true they might be, cannot be considered.").

[5] Although Ms. Lujan's verified motion for a temporary restraining order was not attached as an exhibit, Defendant has not argued that the document was quoted inaccurately. Doc. No. 21 at 4.

employees to retaliate against her or anyone else for filing discrimination complaints. Doc. No. 16 at 6 (wherein Ms. Lujan refers to Adrian Baca's affidavit to support Ms. Lujan's belief that there was a conspiracy to retaliate against her). Since Plaintiff has not shown that Ms. Lujan's formal complaints of discrimination will confirm Plaintiff's allegation that Defendant's employees conspired to retaliate against employees who file discrimination complaints, Defendant rightly withheld their production since they "could reasonably be expected to constitute an unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(7)(C).

Plaintiff also has argued that FOIA's exemptions do not apply because Defendant's final agency decision regarding Ms. Lujan's complaints of discrimination relied on the requested materials. According to Plaintiff, when an agency relies on exempt records in reaching a final decision, "those records lose their exempt status." Doc. No. 28 at 4. Plaintiff's reading of the law is misguided. The United States Supreme Court has held that a "document protected by Exemption 7 does not become disclosable solely because it is referred to in a 'final opinion.'" *National Labor Relations Board et al. v. Sears, Roebuck & Co.*, 421 U.S. 132, 166 (1975). The same can be said for Exemption 6. *Cf. F.B.I. v. Abramson,* 456 U.S. 615, 629 (1982) (observing that "the purposes of the exemptions do not disappear when information is incorporated in a new document or otherwise put to a different use"). Plaintiff's attempt to sidestep Exemptions 6 and 7(C) is unavailing.

Finally Plaintiff implies that the Privacy Act may require the production of the records. Under the Privacy Act "[n]o agency shall disclose any record which is contained in a system of records by any means of communication to any person, or to another agency, except pursuant to a written request by, or with the prior written consent of, the individual to whom the record

pertains . . . ." 5 U.S.C. § 552a (b).  Plaintiff does not have Ms. Lujan's written consent to review any of her records.

Nonetheless, Plaintiff contends that since Ms. Lujan shared the contents of the requested documents with Plaintiff during her former lawsuits the Privacy Act "does not prohibit the release of the records at issue."  Doc. No. 16 at 15.  The cases on which Plaintiff relies actually hold that a federal agency is not liable to an individual for an unauthorized release of that individual's information to a third party when the third party already had knowledge of the released information.  *E.g. Kline v. Department of Health & Human Services*, 927 F.2d 522, 524 ("A later release of information previously known does not violate the Privacy Act").  The holdings in these cases typically conclude that when the unauthorized release of records does not add to the third party's knowledge there is no "disclosure" of information within the meaning of the Privacy Act.  Plaintiff fails to acknowledges that these decisions, which invariably address information that was produced without the prior authorization of the person to whom they pertained, do not place an affirmative duty on a federal agency to produce records in the first place.  Under the Privacy Act Ms. Lujan's records should not be disclosed without her written consent, which Plaintiff does not possess.  Hence the Privacy Act supports Defendant's decision not release information about Ms. Lujan to Plaintiff.

All of Plaintiff's remaining arguments, including but not limited to Plaintiff's Motion for Presentment of Order (Doc. No. 22), are without merit.

IT IS THEREFORE ORDERED that

(1)     Plaintiff's Motion for Summary Judgment (Doc. No. 15) is DENIED;

(2)     Plaintiff's Motion for Presentment of Order (Doc. No. 22) is DENIED; and

(3)     Defendant's Motion to Dismiss with Prejudice, or, Alternately, for Summary Judgment (Doc. No. 18) is GRANTED.

_____
CHIEF UNITED STATES DISTRICT JUDGE